## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL S.,                              *
                                         *
             **Plaintiff,**          *
                                         *
          **vs.**                  *          **Civil Action No.   ADC-20-1702**
                                         *
KILOLO KIJAKAZI,                         *
Acting Commissioner,                     *
Social Security Administration           *
                                         *
         **Defendant.**            *
                                         *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

On June 10, 2020, Michael S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 12, 15) the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED.

### PROCEDURAL HISTORY

On October 6, 2017, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on January 1, 2010. ECF No. 9 at 13. Plaintiff's claim was denied initially and upon reconsideration on October 6, 2017 and April 11, 2018, respectively. *Id.* Subsequently, on April 17, 2018, Plaintiff filed a written request for a hearing and, on May 8, 2019, an Administrative Law Judge ("ALJ") presided over a video hearing. On June 27, 2019, the ALJ rendered a decision denying Plaintiff's claim for SSI. ECF No. 12-1 at 2. Thereafter, Plaintiff filed an appeal of the

ALJ's disability determination, and, on May 5, 2020, the Appeals Council affirmed the ALJ's decision. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On June 10, 2020, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On January 29, 2021, Plaintiff filed a Motion for Summary Judgment (ECF No. 12) and Defendant filed a Motion for Summary Judgment (ECF No. 15) on May 14, 2021.[1]  This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*,

---

[1] On June 10, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).  The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience.    20 C.F.R.    §§

404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

5

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since October 6, 2017, the application protective filing date." ECF No. 9 at 15. At step two, the ALJ found that Plaintiff had the following severe impairments: "affective disorders, post-traumatic stress disorder ("PTSD"), and anxiety disorder." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of

6

impairments that met or medically equaled the severity of one of the listed impairments in 20

C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ determined that Plaintiff had the RFC:

> [T]o perform work at all exertional levels but with the following
> nonexertional limitations: simple, routine and repetitive tasks with
> minimal or less than occasional changes in the routine and work that
> allows him to avoid fast-paced tasks such as assembly line jobs
> involving production quotas; occasional, brief, and superficial
> interaction with the public and co-workers; and avoid working
> around hazards such as moving dangerous machinery and
> unprotected heights.

*Id.* at 18. The ALJ then noted that Plaintiff has no past relevant work. *Id.* at 22. Finally, at step

five, the ALJ determined that "considering [Plaintiff]'s age, education, work experience, and

[RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can

perform." *Id.* at 23. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as

defined in the Social Security Act, since October 11, 2013, the date the application was filed." *Id.*

at 24.

## DISCUSSION

Plaintiff raises two main allegations of error on appeal: (1) that the ALJ erroneously

assessed Plaintiff's RFC and (2) the ALJ improperly evaluated Plaintiff's subjective complaints.

Defendant argues that the ALJ followed the applicable rules and rendered a decision supported by

substantial evidence. The Court agrees with Defendant for the reasons discussed herein.

In determining RFC specifically, an ALJ must consider the entire record, opinion evidence,

impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a),

416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2

(defining the RFC as an assessment of an individual's ability to perform vocational-related

physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and

resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting

*King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a

claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the
> evidence supports each conclusion, citing specific medical facts (e.g., laboratory
> findings) and nonmedical evidence (e.g., daily activities, observations). In
> assessing RFC, the adjudicator must discuss the individual's ability to perform
> sustained work activities in an ordinary work setting on a regular and continuing
> basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and
> describe the maximum amount of each work-related activity the individual can
> perform based on the evidence available in the case record. The adjudicator must
> also explain how any material inconsistencies or ambiguities in the evidence in the
> case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that

the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and

assess his or her work-related abilities on a function-by-function basis, including the functions

listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional

levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d

632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth

Circuit, however, found that a per se rule requiring remand when an ALJ does not perform "an

explicit function-by-function analysis" is inappropriate, because "remand would prove futile in

cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting

*Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Instead, the Court found "[r]emand may be

appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions,

despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis

frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177) (alterations in original).

8

Plaintiff contends the ALJ did not properly provide a narrative discussion describing how the evidence supports his RFC findings. ECF No. 12-1 at 5–9. In *Mascio v. Colvin*, the Fourth Circuit specifically found that the ALJ did not perform a proper function-by-function analysis because while "the ALJ concluded that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday." *Mascio*, 780 F.3d at 637. The ALJ's conclusion was inappropriate because the reviewing courts were "left to guess about how the ALJ arrived at his conclusions on Mascio's ability to perform relevant functions." *Id.* In *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit specifically provided "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Id.* at 311. The Fourth Circuit in *Thomas* "simply ask[ed] the ALJ to give [the court] a clearer window into her reasoning." *Id.* at 313.

Here, the ALJ properly performed all three components of an RFC analysis. The ALJ thoroughly discussed Plaintiff's hearing testimony, his medical history and records, and the medical expert opinions in a function-by-function analysis. ECF No. 9 at 16-20. Throughout this discussion, the ALJ cited to specific treatment records and Plaintiff's testimony, identifying inconsistencies and explaining how he weighed the evidence accordingly. *Id.* The ALJ also addressed the changes in Plaintiff's diagnoses and treatments over the course of his medical history, articulating how Plaintiff responded to various treatments. *Id.* Regarding Plaintiff's psychiatric limitations, the ALJ engaged in a thorough analysis finding that based on the evidence, Plaintiff is able to perform simple tasks pursuant to the given restrictions. *Id.* at 19-20. The ALJ performed a proper function-by-function analysis, provided a logical explanation as to how he determined Plaintiff's limitations, explained how the limitations addressed Plaintiff's functional

and mental restrictions, and cited to evidence for why Plaintiff can work an eight-hour day. Therefore, the Court finds the RFC determination supported by substantial evidence. Accordingly, the ALJ's RFC findings are not a basis for remand.

Plaintiff also argues that the ALJ "erroneously required Plaintiff to prove the type and degree of his subjective complaints by objective medical evidence." ECF No. 12-1 at 13. The United States Court of Appeals for the Fourth Circuit laid out the two-step process for evaluating whether a person is disabled by pain and other symptoms under 20 C.F.R. §§ 404.1529 and 416.929:

> Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis*, 858 F.3d at 865–66 (internal citations omitted); *see also Craig*, 76 F.3d at 594 (describing the two-step process). At the second stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and his treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3).

In addition, the ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims regarding his symptoms and impairments can reasonably be accepted. 20 C.F.R. § 404.1529(c)(4), 416.929(c)(4). Subjective symptoms standing alone, cannot sustain a finding of disability and a claimant must substantiate his allegations. 20 C.F.R. §§ 404.1529, 416.929; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (stating that pain

may render claimant incapable of working independent of any physical limitation, but allegations

of pain alone are insufficient to find a disability). "According to the regulations, the ALJ 'will not

reject [a claimant's] statements about the intensity and persistence of his pain or other symptoms

or about the effect [the claimant's] symptoms have on his ability to work solely because the

available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*,

858 F.3d at 866 (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is

required to make a finding regarding a claimant's credibility and should specifically refer to the

evidence supporting that finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per

curiam).

Plaintiff alleges the ALJ applied an improper standard evaluating Plaintiff's subjective

complaints, rendering the decision unsupported by substantial evidence. However, Plaintiff cannot

rely exclusively on subjective evidence to prove that his mental impairments prevent him from

working a full eight-hour day. While at the second step, a claimant's allegations about their

symptoms "may not be discredited solely because they are not substantiated by objective evidence"

an ALJ is not required to accept the allegations "to the extent they are inconsistent with the

available evidence, including objective evidence of the underlying impairment, and the extent to

which that impairment can reasonably be expected to cause the [symptom] alleged." *Craig v.

Charter* 76 F.3d 585, 593 (4th Cir.1996).

As discussed, the ALJ thoroughly reviewed the record and addressed inconsistencies

between Plaintiff's testimony and the medical evidence. Contrary to Plaintiff's argument, the ALJ

did not "fail[] to explain how Plaintiff's assertions undermined his subjective complaints." ECF

No. 12-1 at 15. The ALJ articulated the conflicts between Plaintiff's subjective complaints and his

hearing testimony along with the medical evidence of record, citing to the record for support. For

example, Plaintiff reported in February of 2019 that medication was helping his mood but that he was still anxious, irritable, and having difficulty concentrating. ECF No. 9 at 20. However, a mental status examination taken the same month "revealed good attention span/concentration, euthymic mood, appropriate affect, and recent and remote memory." *Id.*

The ALJ's opinion is replete with citations to conflicting evidence. The Court agrees with Defendant that the ALJ did not minimize Plaintiff's complaints based on any lack of evidence. ECF No. 15-1 at 9. Rather, the ALJ made his determination based on both the objective and subjective evidence provided. It is clear that the ALJ analyzed and discussed the evidence of record and articulated the conflicts raised by Plaintiff's claims. Accordingly, the ALJ did not err in evaluating Plaintiff's subjective complaints and thus is not a basis for remand.

CONCLUSION

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act since January 1, 2010, the date the application was filed. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 19 July 2021

A. David Copperthite
United States Magistrate Judge